United States Bankruptcy Court
Middle District of Florida

In re:  
Kristal Mading  
    Debtor

Case No. 13-13304-FMD  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 113A-9     User: pbrenton     Page 1 of 1     Date Rcvd: Oct 26, 2015  
                        Form ID: B18W     Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 28, 2015.
```
db         +Kristal Mading,    24576 Amarillo Street,    Bonita Springs, FL 34135-7096
cr         +The Bank of New York Mellon fka The Bank of New Yo,    Clarfield, Okon, Salomone & Pincus, PL,
             500 S Australian Avenue, Ste 730,    West Palm Beach, FL 33401-6237
23944535    Ocwen Loan Servicing,    P.O. Box 24738,    West Palm Beach, FL 33416-4738
24338909    The Bank of New York Mellon,    c/o Ocwen Loan Servicing, LLC,    Attn: Bankruptcy Department,
             P.O. Box 24605,    West Palm Beach, FL 33416-4605
23944537   +Ward, Damon, Posner, Pheterson & Bleau,,    4420 Beacon Circle,    West Palm Beach, FL 33407-3281
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr         +EDI: ACCE.COM Oct 26 2015 23:08:00      Asset Acceptance LLC,    PO Box 2036,
             Warren, MI 48090-2036
cr          EDI: RECOVERYCORP.COM Oct 26 2015 23:08:00      Recovery Management Systems Corp.,
             Attn: Ramesh Singh,    25 SE Second Avenue, Ste 1120,    Miami, FL 33131-1605
23989584   +EDI: ACCE.COM Oct 26 2015 23:08:00      Asset Acceptance LLC / Assignee / Chase Bank - Her,
             Po Box 2036,    Warren MI 48090-2036
23944539    EDI: FLDEPREV.COM Oct 26 2015 23:08:00      Department of Revenue,    PO Box 6668,
             Tallahassee, FL 32314-6668
23944532    EDI: HFC.COM Oct 26 2015 23:08:00      HSBC Card Services,    P.O. Box 5222,
             Carol Stream, IL 60197-5222
23944538    EDI: IRS.COM Oct 26 2015 23:08:00      Internal Revenue Service,    P.O. Box 7346,
             Philadelphia, PA 19101-7346
24279196    EDI: RESURGENT.COM Oct 26 2015 23:08:00      LVNV Funding, LLC its successors and assigns as,
             assignee of OSI,    Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
23944533   +EDI: MID8.COM Oct 26 2015 23:08:00      Midland Credit Management Inc.,    P.O. Box 60578,
             Los Angeles, CA 90060-0578
23944534   +EDI: MID8.COM Oct 26 2015 23:08:00      Midland Funding LLC,    8875 Aero Drive #200,
             San Diego, CA 92123-2255
23944536    EDI: PRA.COM Oct 26 2015 23:08:00      Portfolio Recovery Associates LLC,    120 Corporate Blvd.,
             Norfolk, VA 23502
23986288    EDI: RECOVERYCORP.COM Oct 26 2015 23:08:00      Recovery Management Systems Corporation,
             25 S.E. 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
                                                                                               TOTAL: 11

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 28, 2015                            Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 26, 2015 at the address(es) listed below:
```
              Adrian R Lynn    on behalf of Debtor Kristal  Mading pacer@adrianlynn.com
              Jon Waage     jwflecf@trustee13.com
              ReShaundra M Suggs    on behalf of Creditor    The Bank of New York Mellon fka The Bank of New York,
               as Successor Trustee for JPMORGAN CHASE BANK N.A., as Trustee for NovaStar Mortgage Funding
               Trust, Series 2005-1 NovaStar Home Equity Loan Asset-B bkcmecf@cosplaw.com,
               tbougouneau@cosplaw.com
              United States Trustee - FTM7/13, 7    USTPRegion21.TP.ECF@USDOJ.GOV
                                                                                               TOTAL: 4
```

B18W (Form 18W) (08/07)

# United States Bankruptcy Court

Middle District of Florida

Case No. 9:13–bk–13304–FMD

**Chapter 13**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Kristal Mading
aka Kristal Inez Mading, aka Kristal Inez Stewart, aka Kristal Stewart Mading
24576 Amarillo Street
Bonita Springs, FL 34135

Social Security No.:
xxx–xx–7437

Employer's Tax I.D. No.:


## DISCHARGE OF DEBTOR AFTER COMPLETION OF CHAPTER 13 PLAN

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 1328(a) of title 11, United States Code, (the Bankruptcy Code).

_____
Dated: October 26, 2015         Caryl E. Delano
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18W continued (08/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
# IN A CHAPTER 13 CASE

This court order grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. It is not a dismissal of the case.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

## Debts that are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 13 bankruptcy case are:

a. Domestic support obligations;

b. Debts for most student loans;

c. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

d. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

e. Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual (in a case filed on or after October 17, 2005);

f. Debts provided for under section 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;

g. Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;

h. Debts for certain taxes to the extent not paid in full under the plan (in a case filed on or after October 17, 2005); and

i. Some debts which were not properly listed by the debtor (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**